

2006 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

1-5-2006

# Vallies v. Sky Bank

Precedential or Non-Precedential: Precedential

Docket No. 05-1002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vallies v. Sky Bank" (2006). *2006 Decisions.* Paper 1686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1002
_____

LOUIS R. VALLIES, individually
and on behalf of all similarly
situated vehicle buyers,

Appellant

v.

SKY BANK, an Ohio Bank licensed
to do business in the
Commonwealth of Pennsylvania
_____

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

(D.C. No. 01-cv-01438)
District Judge:  The Honorable David S. Cercone
_____

ARGUED OCTOBER 19, 2005

BEFORE: SMITH, STAPLETON,
and NYGAARD, Circuit Judges.

(Filed:   January 5, 2006)
_____

Michael P. Malakoff, Esq.
Erin M. Brady, Esq. (ARGUED)
Malakoff, Doyle & Finberg
The Frick Building,  Suite 200
Pittsburgh, PA 15219
          Counsel for Appellant


Martin C. Bryce, Jr., Esq. (ARGUED)
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103
          Counsel for Appellee

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

At issue in this appeal is whether the Truth in Lending

Act requires all pertinent credit information be disclosed by a

2

single creditor, or whether the requirements of the TILA can be satisfied if some of the required credit information is disclosed by a third party. More specifically, we address the question of whether a creditor violated the provisions of the TILA when it excluded certain debt cancellation fees from the calculation of the finance charge without disclosing the amount of the fees and that the debt cancellation coverage was voluntary, despite the fact that the disclosures were ultimately made by a non-creditor third party.

Appellant Louis Vallies brought a class action on behalf of consumers who obtained loans from Appellee Sky Bank to finance purchase of motor vehicles. Vallies asserted a number of claims, and, after voluntarily dismissing some, the District Court granted Sky Bank's motion to dismiss for failure to state a claim. Vallies argues that the District Court erred by granting the motion dismissing his claim that Sky Bank failed to comply

with the provision of the TILA. We agree with Vallies and hold that under the relevant sections at issue, the TILA does not permit a creditor to delegate its disclosure responsibility but requires all pertinent disclosures to be made by a single creditor. Accordingly, we will reverse the judgment of the District Court.

## I.

Vallies obtained a loan from Sky Bank to purchase a truck from Phil Fitts Ford. Fitts, a licensed motor vehicle dealer, arranged the loan between Sky Bank and Vallies. Fitts was not Sky Bank's agent and at all relevant times acted independently.[1] It is undisputed that the loan entered into

1. It appears from the record that there exists some confusion over Fitts' exact relationship with Sky Bank. However, we believe, and Sky Bank conceded as much during oral argument, that there was never any explicit agreement or implicit assumption that Fitts would act as Sky Bank's agent for the purposes of the loan. Indeed, at oral argument Sky Bank
(continued...)

4

between Vallies and Sky Bank financed, in part, a $395.00 charge for Guaranteed Auto Protection ("GAP"), a form of debt cancellation coverage, that was not incorporated into Sky Bank's calculation of the total finance charge. It is likewise undisputed that the agreement specifying the terms of the loan did not individually itemize the GAP premium but combined the premium with a fee for service contract itemized as "To National Auto." On the same day as he signed the loan agreement with Sky Bank, Vallies signed a separate form entitled "GAP Waiver Agreement" that contained the correct cost of the GAP premium and the required TILA disclosures concerning the exclusion of the GAP premium from finance

1.      (...continued)
maintained that it was the only creditor and that Fitts was not Sky Bank's agent. Sky Bank's contention that Vallies "conceded" that Fitts was Sky Bank's agent because in its pleadings it claimed that Fitts was a "loan intermediary" of Sky Bank is unpersuasive.

charges. This separate GAP Waiver form was not incorporated into Sky Bank's loan and Sky Bank was not a party to the GAP Waiver agreement. Instead, the agreement was signed only by Vallies and Fitts.

## II.

We have plenary review over a district court's grant of a motion to dismiss for failure to state a claim and we review the District Court's decision *de novo*, applying the same legal standard as the trial court to the same record. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004); *Omnipoint Commc'ns Enters., L.P. v. Newtown Twp.*, 219 F.3d 240, 242 (3d Cir. 2000). A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, "accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom" there is no reasonable reading upon which the

6

plaintiff may be entitled to relief. *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665-66 (3d Cir. 1988).

## III.

Vallies challenges the District Court's opinion holding that Sky Bank did not violate the TILA. In its opinion, the District Court conceded that Sky Bank failed to make the GAP disclosures, but held that Sky Bank did not violate the TILA because it could "perceive no substantive difference arising from the fact that disclosures were made on a DNA [third-party] form, rather than on Sky Bank letterhead." In essence then, because the consumer ultimately received the correct disclosure information, Sky Bank did not shirk its disclosure responsibilities and no TILA violation had occurred. Alternatively, the District Court relied on the fact that certain provisions of the TILA allow for separate disclosures to

7

conclude that under the TILA a single creditor is not required to make all relevant disclosures. In so concluding, the District Court noted that under 12 C.F.R. § 226.17(a), the GAP insurance disclosures "may be made together with or separately from other required disclosures." As earlier noted and for the following reasons, we will reverse the District Court's judgment.

## IV.

The Truth in Lending Act was enacted in order "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 389 (3d Cir. 2002) (quoting 15 U.S.C. § 1601). The regulations reflect Congress' considered

8

deliberation of the best way to ensure protection for and meaningful disclosure to consumers of credit terms and information. Moreover, the requirements of the TILA exist to protect the consumer at the outset of the relationship, in order to even the often slanted credit and lending playing field.

It is well-settled that where unambiguous, the plain language of a statute or regulation controls. With respect to general disclosure requirements, the TILA regulations provide that "[t]he creditor shall make the disclosures...clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17. Then, in describing the content of the disclosures, the TILA requires that "[f]or each transaction, the creditor shall disclose the following information..." 12 C.F.R. § 226.18. The TILA also defines a creditor as "[a] person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement ... and (B)

9

to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. §226(a)(17). On its face, then, this language clearly vests the duty of disclosure on the, and only the, actual creditor and not on any third party to the credit transaction.

Sky Bank does not contest the meaning of this language, but instead argues that the TILA regulation requiring disclosure of voluntary debt cancellation fees, including a GAP waiver, "contains no requirement that the disclosure be in the creditor's name." This assertion is superficially true, as 12 C.F.R. § 226.4(d)(3)(i) states only that these charges or premiums may be excluded from the finance charge if, inter alia, "the debt cancellation agreement or coverage is not required by the creditor, and this fact is disclosed in writing." § 226.4(d)(3)(i). But this language, fairly taken with the earlier provisions and the

10

goals of the TILA generally, leads us to conclude that the creditor, and the creditor alone, is required to disclose this, and any other, required information. This is so because those provisions of the TILA and its regulations that do address who must make disclosures explicitly and plainly direct the creditor to make all disclosures. *See* 15 U.S.C. § 1638(a) ("the creditor shall disclose each of the following items"); 15 U.S.C. § 1631(b) ("[i]f a transaction involves one creditor ... , such creditor ... shall make the disclosures"); 12 C.F.R. § 226.17(a) ("[t]he creditor shall make the disclosures"). Particularly relevant to the present dispute is that the regulations specifically provide that "the creditor shall disclose ... [t]he items required by § 226.4(d) in order to exclude certain insurance premiums and debt cancellation fees from the finance charge." 12 C.F.R. § 226.18(n). The logical and plain import here is that if a piece of information is indeed a required disclosure, as the voluntary

11

debt cancellation fee is, then its disclosure must be made by the creditor.

In concluding that there was no violation, the District Court failed to recognize that Vallies' claim is not premised on the fact that he ultimately received the required disclosures. Rather, it is that Sky Bank, who acted as Vallies' only creditor, failed to disclose the required information itself, instead relying on an independent third party. This reliance, and Sky Bank's requisite failure to disclose the information itself, represents a violation of the clear language and meaning of the TILA requirement that all disclosures be made by a single creditor.

Sky Bank relies on *Rivera v. Grossinger Autoplex, Inc.*, 274 F.3d 1118 (7th Cir. 2001) to bolster the District Court's opinion that the TILA does not require all disclosures to be made by a single creditor. They argue that under *Rivera*, so long as a separate addendum for GAP coverage is disclosed, the

12

requirements of the TILA will be satisfied, thereby absolving Sky Bank of any possible violation. Although Sky Bank is certainly correct that an addendum for GAP coverage can satisfy the TILA requirements for the *disclosure* of information, nothing in *Rivera* or the TILA permits the creditor to shift its responsibility to disclose the GAP addendum to anyone other than the creditor. This is due, of course, to the fact that in *Rivera*, both the GAP addendum and the other TILA requirement were disclosed to the consumer by a single creditor - the creditor was in full compliance. Thus, while a separate disclosure may, in certain situations, be acceptable under the TILA, this fact does nothing to annul the plain language requirement that all disclosures be made by the actual creditor, and not some third party. Furthermore, there is only one closed-end credit situation, under the TILA, where an actual creditor may delegate his responsibility to disclose information: if a

13

credit plan involves more than one creditor, 12 C.F.R. § 226.17(d) allows creditors to agree among themselves which creditor must comply with the TILA disclosure requirements. § 226.5(d). Although this provision does allow creditors to delegate their disclosure responsibilities, it does so for the sole purpose of allowing a *single* creditor to disclose all the information. We therefore again emphasize that the plain language and purpose of the TILA is to ensure that the responsibility to make disclosures is placed solely with the actual creditor or, in cases where there may be multiple actual creditors, a single creditor.

We note once more that Vallies' claim is not that he failed to receive any of the required information, or that the GAP waiver could not be disclosed separately. Instead, the basis of his claim, with which we agree, is that the TILA places a clear and affirmative duty on the actual creditor itself to

14

disclose any and all required information pertaining to GAP coverage and that where the creditor fails to disclose this information, it has violated TILA regardless of the ultimate receipt of information.

Moreover, our conclusion that the TILA requires a single creditor to make disclosures is neither hypertechnical nor overly formalistic. The creditor need only follow the law: where more than one distinct party is allowed to make disclosures, the likelihood that conflicting or confusing information will be disclosed dramatically increases. Indeed, the single-creditor requirement exists in order to prevent exactly the type of behavior exhibited by Sky Bank. Here, the disclosure made by Sky Bank and those made by Fitts are inconsistent and confusing in material ways. For instance, the Fitts Gap Waiver agreement makes clear that Vallies paid $395.00 for GAP insurance while the Sky Bank agreement fails to note that

15

Vallies paid anything to Fitts or even that Vallies obtained GAP insurance. This difference materially changes the legal obligations between the parties since the Sky Bank agreement contains no mention of the purchase of GAP insurance or the fact that Sky Bank did indeed finance Vallies' purchase of the GAP insurance.

The single-creditor requirement represents an understanding that when one creditor is required to make all disclosures, those disclosures will likely be more consistent, ordered and clear to the consumer. Although Vallies did ultimately receive all the required information, the information he received from Sky Bank differed in both its form and its substance from the information he received from Fitts, in violation of the clear language of the TILA requirements. Nowhere in the TILA statute or its implementing regulations does it declare that a creditor may avoid the requirements as

16

long as the consumer somehow gets the information. To allow this would defeat the plain language meaning of the statute. The primacy of the regulations, therefore, do not simply exist to elevate form over function. Rather, they exist in their form to best protect consumers.

Because the District Court erroneously concluded that the TILA does not require a single creditor to make all required disclosures relating to debt cancellation fees we reverse the grant of summary judgment in favor of Sky Bank and remand for further proceedings in accordance with this opinion.