OPINION
POLLAK, District Judge.
Arthur and Jane Tubbs appeal the District Court’s dismissal of their complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the District Court looked at matters outside the complaint, we will reverse.
I.
Appellants’ amended complaint alleges that, in the spring of 2008, they refinanced two existing mortgages, held by Wachovia Bank, with defendant North American Title Agency serving as the settlement agent for the refinancing. Appellants allege that they paid for various services for which Title Agency charged them at the closing. Included in these charges was a $150 fee ($75 per mortgage) labeled “Release Recording Fees.” These are averred to be fees for the recording of the release of the prior mortgages with the county clerk’s office. Appellants further allege that Wa-chovia provided a payoff statement to Title Agency stating that it was charging $80 ($40 per mortgage) for the same recording of the release of the mortgages with the county clerk. Appellants allege that Title Agency knew Wachovia was performing the recording of the release, and that Title Agency performed no services for the $150 it charged. Appellants claim that this violated § 8(b) of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(b).[1]
The District Court granted defendants’ motion to dismiss. Despite the allegations in the amended complaint that “Title Agency performed no services to earn the $150.00 fee,” the District Court found that “Title Agency’s charge was not a markup of Wachovia’s fees, but rather a charge for its own services.” The District Court listed a range of potential services that Title Agency would have had to conduct, such as obtaining payoffs statements from Wacho-via, collecting money from the parties to the settlement, making distributions to pri- or mortgagees, and verifying that Wacho-via did prepare and record the release.
II.
We review de novo a district court’s grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir.2006). In evaluating the propriety of the dismissal, we accept all factual allegations in the complaint as true, and construe the complaint in the light most favorable to the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.2002). With limited exceptions, a district court cannot consider materials outside the pleadings without first converting the motion to dismiss into a motion for summary judgment. In re Rockefeller Ctr. Props., Inc. Secs. Litig., 184 F.3d 280, 287-88 (3d Cir.1999).
The District Court erred by going beyond the complaint to find that the $150 fee was for services that Title Agency had in fact performed, when the complaint alleges that “Title Agency performed no services to earn the $150.00 fee it charged *106 Plaintiffs.” Because the question of whether Title Agency performed or did not perform services may alter the analysis of whether the plaintiffs properly stated a claim under § 8(b) of REPSA, as construed by this court in Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384 (3d Cir.2005),[2] we will reverse the District Court’s order and remand the case to the District Court for further proceedings.
III.
For the reasons stated, the order of the District Court is reversed and the case remanded to that court for further proceedings.

. Section 8(b) states: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.” 12 U.S.C. § 2607(b).

. In Santiago, we held that § 8(b) does not provide a cause of action for "overcharges,” — where a single entity charges more than the reasonable value of the services it provides — but does allow a cause of action for "markups” — where a settlement service provider charges more for services than it pays to the third-party vendor who performs the services. 417 F.3d at 386-89.