IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**
June 04, 2024 11:06 AM
SCT-Crim-2022-0107
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

FOR PUBLICATION

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **JEFFERSON FAUSTIN,** | ) | **S. Ct. Crim. No. 2022-0107** |
| Appellant/Defendant, | ) | Re: Super. Ct. Crim. No. 219/2021 (STT) |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| Appellee/Plaintiff. | ) | |
| | ) | |
| | ) | |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Denise M. Francois

Considered: July 11, 2023
Filed: June 4, 2024

Cite as: 2024 VI 23

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCES:**

**Adam G. Christian, Esq.**
Ogletree, Deakins, Nash, Smoak and Stewart, LLC
St. Thomas, U.S.V.I.
    *Attorney for Appellant*,

**Tracy Myers, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
    *Attorneys for Appellee*.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **2** of **21**

2024 VI 23

## OPINION OF THE COURT

**SWAN, Associate Justice**.

¶ 1    Appellant Jefferson Faustin seeks reversal of the November 21, 2021 order of the Superior Court of the Virgin Islands ("Superior Court") revoking his pretrial release conditions and remanding him into the custody of the Virgin Islands Bureau of Corrections ("BOC"). Faustin further requests that this Court order his immediate release from custody and direct the Superior Court to consider and rule on his April 27, 2022 third motion to modify release conditions. For the reasons elucidated below, the November 21, 2021 order is vacated and the matter is remanded to the Superior Court with instructions to have Faustin released from custody upon a revised set of pretrial release conditions.

## I.    FACTS AND PROCEDURAL HISTORY

¶ 2    This criminal prosecution commenced on July 19, 2021, when a probable cause fact sheet was filed in the Superior Court. An advice of rights hearing was held on the same date. According to the July 19, 2021 probable cause fact sheet, a fifteen-year-old girl reported to law enforcement authorities on July 16, 2021 that Faustin had sexually assaulted her in her home. Faustin was present at the home at approximately 11:30 p.m. to meet with his long-term girlfriend, Juanita Frett ("Frett"), with whom he has a young daughter. Frett is the alleged victim's maternal aunt and is also the mother of three older children, including a teenage daughter.

¶ 3    The Virgin Islands Police Department ("VIPD") arrest report attached to the fact sheet informs that Faustin surrendered to police authorities on July 17, 2021 upon receiving notice of the allegations made against him by the victim. The arrest report further informs that Faustin was processed and held on bail of $75,000 with no 10% provision on the charges of "Aggravated Rape

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page 3 of 21

2024 VI 23

in the Second [Degree]," in violation of subsection (a) of section 1700a of title 14 of the Virgin Islands Code, together with additional charges of "Rape in the First Degree," in violation of subsection (a)(2) of section 1701 of title 14 of the Virgin Islands Code; "Unlawful Sexual Contact [in the] 1st and 2nd [degree]," in violation of subsection (a)(1) of section 1708 of title 14 of the Virgin Islands Code and subsection (a) of section 1709 of title 14 of the Virgin Islands Code, respectively; and "Child Abuse," in violation of section 505 of title 14 of the Virgin Islands Code.

¶ 4 At the July 19, 2021 advice of rights hearing, the Superior Court found probable cause on all charges, affirmed the bail amount of $75,000 with no 10% reduction provision, and prescribed the following relevant bail release conditions, among others: 1) that Faustin have no contact with the alleged victim, her friends, or her family, 2) that Faustin reside with a court-approved third-party custodian upon his release, 3) that Faustin abide by a 6:00 p.m. to 6:00 a.m. curfew Monday through Friday, 4) that Faustin be placed on 24-hour house arrest on weekends, 5) that Faustin undergo electronic monitoring, and 6) that Faustin avoid being alone in the presence of any minor children.

¶ 5 Faustin's arraignment was held on August 4, 2021. On the same date, the People of the Virgin Islands filed an information charging Faustin with four counts of "Aggravated Rape in the Second Degree," in violation of subsection (a) of section 1700a of title 14 of the Virgin Islands Code; one count of "First Degree Assault," in violation of subsection (3) of section 295 of title 14 of the Virgin Islands Code; one count of "First Degree Unlawful Sexual Contact," in violation of subsection (a)(1) of section 1708 of title 14 of the Virgin Islands Code; and one count of "Child Abuse," in violation of section 505 of title 14 of the Virgin Islands Code. Faustin entered a plea of not guilty.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **4** of **21**

2024 VI 23

¶ 6     Over one year later, on August 31, 2021, Faustin filed with the Superior Court a motion to modify release conditions, to approve a third-party custodian, and to request a hearing. The motion requested substantial modifications to the existing release conditions, including that Faustin be released on an unsecured bond; that he be relieved of the condition of, or at least the monetary expense of, electronic monitoring; that the condition forbidding Faustin from being alone with any minor children be vacated; and that the condition ordering Faustin to have no contact with the victim's family be modified to solely encompass the victim's "*immediate* family". These final two modification requests directly correlated with Faustin's proposed third-party custodian, his girlfriend Juanita Frett. As Frett has four minor children of her own and is the aunt of the victim in this case, Faustin could not reside with Frett and her minor children unless the conditions were modified or vacated.

¶ 7     The Superior Court held a September 21, 2021 hearing on Faustin's motion to modify release conditions and on the People's September 14, 2021 opposition to the motion. Faustin, Frett, and Faustin's witness, Shawn Hill, all testified for the defense. The Superior Court took the matter under advisement and subsequently issued a written order modifying release conditions on November 18, 2021. The Superior Court considered Faustin's requests under Rule 5-1 of the Virgin Islands Rules of Criminal Procedure, which states that "the court shall impose the least restrictive ... conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process."

¶ 8     The Superior Court found Faustin's request for release upon an unsecured bond "tantamount to no bond at all or the equivalent of releasing him on personal recognizance, which the court finds to be inadequate given the circumstances of the pending charges." The Superior

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page 5 of 21

2024 VI 23

Court further found Faustin to be a flight risk, given that he is a "well-traveled" individual, "his Affidavit of Financial Status indicates his occupation as 'boat captain,'" and he "is facing serious charges," noting that "[t]he aggravated rape charges are punishable by life imprisonment, if the Defendant is convicted." Considering these facts and circumstances, the Superior Court determined that Faustin "certainly has the knowledge, experience and means to flee the jurisdiction." The Superior Court accordingly reduced Faustin's bail from $75,000 with no 10% provision to $35,000 with no 10% provision, a sum the court found to be "significant enough to deter Faustin from violating the terms of his pretrial release."

¶ 9 The Superior Court additionally observed that the close familial ties between the victim and Frett made Faustin's request that Frett be named his third-party custodian impracticable:

> The Court finds that conditions must be imposed to insure that while this matter is pending, Faustin not have any contact, directly or indirectly with the minor, her mother and family members who may be witnesses. Faustin's partner, Juanita Frett, is the minor's aunt. The minor's mother is Frett's sister. Frett's children stay with their parents after school and until Frett's workday ends. Therefore, the Court cannot grant Faustin's motion that seeks to modify the pre-trial release condition that prohibits contact with the victim's family. However, the Court will amend the release conditions to remove any restrictions on contact between Faustin and Frett.

¶ 10 Ultimately, the Superior Court reduced Faustin's bail as described above, denied his motion to have Frett appointed as his third-party custodian, vacated the condition requiring electronic monitoring, upheld the provision forbidding Faustin from being alone with any minor children, and modified the condition that Faustin have no contact with victim or her family, exempting Frett and her children from the prohibition.

¶ 11 Faustin subsequently proffered an alternate third-party custodian, Shawn Hill, whom the Superior Court approved by order entered on December 2, 2021. However, Faustin was unable to

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **6** of **21**

2024 VI 23

satisfy the other modified bail release conditions, and he remained in BOC custody. On December 16, 2021 he filed a second motion to further modify his release conditions. The subsequent motion reported that, despite Faustin's supporters' best efforts, they could not raise the $35,000 for bail. Faustin requested that bail be further reduced to $15,000, which Faustin would be able to post immediately. The motion also informed that the five months of Faustin's incarceration had worsened the financial situation of Faustin's girlfriend, Frett, as she had depended upon Faustin's employment to contribute to her household expenses.

¶ 12    The Superior Court failed to address Faustin's second motion in a timely manner, prompting Faustin to file a motion for ruling on February 16, 2022, by which date he had been incarcerated for seven consecutive months. The Superior Court entered a brief order on February 23, 2022 granting Faustin's motion and reducing his bail from $35,000 to $15,000. The court noted:

> The Court finds that the previously ordered pretrial release conditions together with the requirement of a cash bail bond of $15,000 constitutes, in compliance with V.I. R. Crim. P. 5-1, the least restrictive range of conditions of release that will reasonably protect the community from risk of physical harm to persons and assure the presence of the Defendant at trial.

¶ 13    The order directed that all other release conditions except the amount of bail were to remain unmodified, and specified that,

> if the Defendant violates any of the conditions of his pretrial release, then he may be held in contempt of court, his bail may be revoked and he may be remanded to the Bureau of Corrections pending trial.

¶ 14    Payor Zenicque Fleming executed a cash bail bond in the amount of $15,000 on March 8, 2022, and Faustin was released into the custody of third-party custodian Shawn Hill. (Docket No. 85, p. 5.)

¶ 15     On April 27, 2022, Faustin filed a third motion to modify release conditions, requesting modifications to his curfew conditions that would enable him to "attend church and related activities and to engage in his profession while this case remains pending." Specifically, Faustin entreated that the provision regarding 24-hour weekend house arrest be removed and that his curfew be changed from 6:00 p.m. to 6:00 a.m. on weekdays to a daily curfew of 8:00 p.m. to 5:00 a.m., "'provided that Defendant Jefferson Faustin is permitted to enter into and fulfill music performance and similar agreements which require him to work past 8:00 p.m.'" The Superior Court did not address Faustin's third motion.

¶ 16     The People filed a motion to revoke bail on August 1, 2022, alleging that Faustin had failed to comply with his pretrial release conditions. A witness had reported to the VIPD that he had seen Faustin at the location of his girlfriend Frett's home at 8:45 p.m., at which time of night, by the confines of his 6:00 p.m. to 6:00 a.m. curfew, Faustin should have been at the home of his third-party custodian, Shawn Hill. The People requested a hearing on the motion pursuant to subsection (g) of Rule 5-1 and subsection (c) of Rule 32.1 of the Virgin Islands Rules of Criminal Procedure.

¶ 17     A hearing was convened on November 21, 2022 to address both the People's motion to revoke bail and Faustin's October 10, 2022 motion to quash. The People's witness, Richard Julius, the father of Frett's thirteen-year-old son and sixteen-year-old daughter, testified that sometime in July 2022 he was dropping his children off at Frett's home "minutes to 9:00" p.m. on a Monday when he spotted Faustin "[c]oming up the stairs from [Frett's] apartment going into Miss Frett['s] SUV." He then watched as Faustin went "back down the stairs into the apartment." Julius was cross-examined. The People called no further witnesses; Faustin called no witnesses.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **8** of **21**

2024 VI 23

¶ 18    The People argued that Faustin's violation of his curfew order justified a revocation of the bail conditions established by the Superior Court's previous orders.  Faustin countered that, while he had violated his curfew conditions, there was no evidence that he had harmed anyone and he had duly attended every required court appearance, evidencing that "the conditions of release that are set meet the [Rule] 5-1 considerations.[1]  They meet their purposes."  Faustin further observed that the instant hearing was "in essence, a contempt of court hearing, [on] whether or not [Faustin] should be found in contempt of violating the bail conditions set by this Court."  Faustin argued that, for contempt consisting of a curfew violation, "the appropriate sanction would be a reprimand with the instruction to abide by the Court's order or a small fine.  I don't believe any form of incarceration is required, certainly not revoking bail."

¶ 19    The Superior Court then entered its findings of fact and conclusions of law on the record, finding that Faustin had been given notice, as stated in the February 23, 2022 second order modifying bail release conditions, that any violation of these conditions may result in Faustin being held in contempt of court, his bail being revoked, and him being remanded to the Bureau of Corrections pending trial.  Despite such notice, the Superior Court continued, Faustin had violated the order by being away from his designated third-party custodian after curfew, "presumably heading towards a home where a minor girl, a 16 year-old, resided with Mr. Faustin's girlfriend [Frett]."  Given that the charges against Faustin in the instant matter alleged that he had sexually assaulted a teenaged girl, another relative of Frett, late at night in her own home, the Superior Court opined that "this is exactly the type of situation that the second order modifying bail release

---

[1] Faustin was here referring to the precepts of Rule 5-1 of the Virgin Islands Rules of Criminal Procedure, which state that conditions of bail release must be such as "will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process."

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **9** of **21**

2024 VI 23

was designed to prevent." The Superior Court concluded that "at this moment I cannot craft any more appropriate conditions. I don't know how else to get the defendant to comply with something that is so simple." Accordingly, the Superior Court revoked Faustin's bail and remanded him to the Bureau of Corrections "immediately pending trial."

¶ 20 A November 21, 2022 written order followed the hearing, reiterating the above findings and conclusions and denying Faustin's April 27, 2022 third motion to modify release conditions, with no explanation for the denial. Faustin filed his notice of interlocutory appeal on December 1, 2022.

## II. JURISDICTION

¶ 21 "Before this Court can decide the merits of [an] appeal, we must determine if we have jurisdiction." *Brown v. People*, 49 V.I. 378, 379 (V.I. 2008).[2] "Pursuant to the Revised Organic Act of 1954, as amended [("ROA")], this Court has appellate subject matter jurisdiction over 'all appeals from the decisions of the courts of the Virgin Islands established by local law.'" *World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1167 (V.I. 2019) (alterations omitted) (quoting *In re Petition for Expungement*, 66 V.I. 299, 302 (V.I. 2017)); *Toussaint v. Stewart*, 67 V.I. 931, 939 (V.I. 2017). In accordance with this authority, the Legislature of the Virgin Islands established this Court and granted it jurisdiction over all appeals arising from a final judgment of the Superior Court. 4 V.I.C. § 32(a); *see* 4 V.I.C. § 33(a) ("Appealable judgments and orders . . . shall be available only upon entry of final judgment in the Superior Court.").[3] "[O]ne of the most obvious

[2] *See also First Am. Dev. Group/Carib, LLC v. West LB AG*, 55 V.I. 594, 601 (V.I. 2011) ("Prior to considering the merits of an appeal, this Court must first determine if it has appellate [subject matter] jurisdiction over the matter." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)).

[3] *See also Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007) (quoting 4 V.I.C. § 32(a)); *Toussaint*, 67 V.I. at 939-40 (analyzing what constitutes a final judgment); *see generally Miller v. Sorenson*, 67 V.I.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **10** of **21**

2024 VI 23

exceptions to the Final Judgment Rule" is a criminal defendant's right to appeal within 30 days "an order detaining the person or an order denying the revocation or modification of the conditions of the detention." 4 V.I.C. §§ 33(d)(4), (5); *World Fresh Markets*, 71 V.I. at 1168 n. 4.

¶ 22    Both the Virgin Islands Code and the Virgin Islands Rules of Appellate Procedure grant a criminal defendant 30 days in which to appeal "a decision or order, entered by the Superior Court, detaining a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order of detention [or] an order denying the modification or vacation of a bail order." 4 V.I.C. §§ 33(d)(4),(5); V.I.R. APP. P. 5(b)(1)(i). The order revoking Faustin's release conditions, remanding him to the BOC, and denying his third motion for modification of bail conditions was entered on November 21, 2022. Faustin filed his notice of appeal on December 1, 2022. Faustin timely initiated this proceeding; consequently, this Court has jurisdiction to consider his interlocutory appeal. *See Moran v. People*, 76 V.I. 544, 550-51 (V.I. 2022) (referring to, inter alia, a defendant's motion to modify the conditions of his release, which the Superior Court denied "on grounds that [he] had been charged with a serious crime and that the conditions were necessary to prevent him from being a flight risk or a danger to the community," and observing that "[a]lthough the Superior Court's order[ ] would not ordinarily qualify as a final judgment because [it] . . . do[es] not resolve all issues between the parties, and do[es] not come within the class of interlocutory orders that are appealable as of right, we nevertheless possess jurisdiction under the collateral order doctrine, in that an order denying a motion for modification of bail (1) 'conclusively determine[s] the disputed question,' (2) 'resolve[s] an important issue completely separate from the merits of the action,' and (3) is

---

861, 871-72 (V.I. 2017) (examining the differences between a judgment and decree); *Penn v. Mosley*, 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions among judgments, orders, and decrees).

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **11** of **21**

2024 VI 23

'effectively unreviewable on appeal from a final judgment.'") (footnote omitted) (quoting *Rieara v. People*, 57 V.I. 659, 664-65 (V.I. 2012)).

## III.    ISSUES AND STANDARD OF REVIEW

¶ 23    A trial court's determination regarding pretrial release conditions is reviewed for abuse of discretion. *Moran*, 76 V.I. at 551 (citing *Rieara*, 57 V.I. at 664-65). Faustin asserts that the Superior Court abused its discretion in revoking his bail conditions and remanding him to the custody of the BOC pending trial by order dated November 21, 2022. Faustin objects to the severity of the penalty, which was ordered on a finding that Faustin had violated the terms of his curfew imposed as part of his pretrial release conditions. He argues that the Superior Court erroneously failed to properly consider any less drastic alternatives than incarceration, thus abusing the discretion granted to trial courts under Rule 5-1 of the Virgin Islands Rules of Criminal Procedure to set "the least restrictive ... conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." Faustin further asserts that the Superior Court likewise abused its discretion in denying his third motion to modify bail conditions by means of the same order, without presenting any discussion or evaluation of the premises or arguments supporting the motion.

¶ 24    "[A]buse of discretion is evaluated 'on the reasonableness of the trial court [ruling]. If the trial court could reasonably conclude as it did and the ruling is one based on sound judgment with regard to what is right under the circumstances, it will not be disturbed absent a showing that some facet on the ruling is arbitrary or capricious.'" *Milligan v. People*, 69 V.I. 779, 805 n.4 (V.I. 2018) (Swan, J., concurring in part, dissenting in part) (quoting *Emerson v. State*, 371 P.3d 150, 153

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **12** of **21**

2024 VI 23

(Wyo. 2016)). A trial court acts in an arbitrary, capricious, or unreasonable manner if its ruling is founded upon "'a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact'" or if "its actions were 'clearly contrary to reason and not justified by the evidence.'" *Appleton v. Harrigan*, 61 V.I. 262, 268 (V.I. 2014) (quoting *Stevens v. People*, 55 V.I. 550, 556 (V.I. 2011)).[4]

## IV. DISCUSSION

### A. The Superior Court Abused its Discretion in Penalizing Faustin by Remanding Him to Incarceration Pending Trial.

¶ 25 Section 3 of the Revised Organic Act of 1954 ("the ROA"), colloquially known as our territory's "Bill of Rights," provides that "all persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or any capital offense when the proof is evident or the presumption is great." 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. CODE ANN. tit. 1). A plain reading[5] of Section 3 of the ROA reveals that Congress intended to limit the occurrences of pretrial detention to certain circumstances, generally those involving the most egregious of crimes. More succinctly, Congress did not anticipate or intend for defendants to be

---

[4] *See also Billu v. People*, 57 V.I. 455, 461-62 (V.I. 2012) (quoting *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012)); *Smith v. Gov't of the V.I.*, 67 V.I. 797, 803-04 (V.I. 2017); *Shoy v. People*, 55 V.I. 919, 925 (V.I. 2011).

[5] "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Brady v. Gov't of the V.I.*, 57 V.I. 433, 441 (V.I. 2012) (citing *In re Sherman*, 49 V.I. 452, 456 (V.I. 2008)); *see also In re Reynolds*, 60 V.I. 330, 334 (V.I. 2013); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 429 (3d Cir. 2016). "If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2014) (quoting *In re Reynolds*, 60 V.I. at 334) (internal quotation marks omitted); *see Lamie v. United States Trustee*, 540 U.S. 526, 534, 538 (2004) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (citation and internal quotation marks omitted).

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page 13 of 21

2024 VI 23

incarcerated for indefinite terms prior to trial unless it was convincingly found that no other condition or set of conditions would reasonably ensure community safety.

¶ 26    This Court must view the bail provision of the ROA with a belief that its drafters meant what they said, namely, that all defendants, save those charged with capital offenses, have an inviolable right to bail. "Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle,* 342 U.S. 1, 4 (1951). However, this provision does not preclude courts from revising bail provisions as appropriate, including setting a new, higher bail with stricter release conditions in the event of a bail condition violation, as in this matter. Crafting more restrictive release conditions in response to bail violation is both reasonable and sensible in consideration of public safety and the assurance of a defendant's appearance in court. On the other hand, denying bail entirely in such an event is an unconstitutional violation of a defendant's rights.

¶ 27    The Court concludes that the Superior Court abused its discretion in ignoring all intermediate or lesser alternatives to incarcerating Faustin in response to his curfew violation. At the time of his July 2022 violation of bail conditions, Faustin was on release under the conditions established in the Superior Court's February 23, 2022 order granting his second motion for modification of pretrial release conditions. These conditions included, among others, a weekday curfew of 6:00 p.m. to 6:00 a.m. and 24-hour per day weekend house arrest. The order specified that, were Faustin to violate "any of the conditions of his pretrial release, then he may be held in contempt of court, his bail may be revoked and he may be remanded to the Bureau of Corrections pending trial." The Superior Court cited the language of the order when entering its findings of fact and conclusions of law on the record at the November 21, 2022 show cause hearing, stating that Faustin's "clear and blatant" violation of the order necessitated the revocation of his bail and

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page 14 of 21

2024 VI 23

his remand to the custody of the BOC pending trial. While judges of the Superior Court and Magistrate Division regularly use the aforementioned language in orders setting bail conditions or granting modifications thereto, there is no statutory or other basis in this jurisdiction for denying or revoking bail upon a criminal defendant's violation of the conditions of pre-trial release. We therefore hold that the Superior Court erred in revoking Faustin's bail, contrary to the ROA's guarantee of an absolute right to reasonable bail prior to conviction.

¶ 28    This Court further holds that the Superior Court's revocation of Faustin's bail would likewise have been impermissible as a sanction for civil contempt. "[T]he Superior Court has both statutory and inherent power to compel obedience to its orders by way of contempt," either civil or criminal. *In re Rogers*, 56 V.I. 325, 334 (V.I. 2012) (citing 4 V.I.C. §§ 243(4), 281; *In re Kendall*, 55 V.I. 888, 897 (V.I. 2011)). Civil contempt sanctions are calculated "'to enforce the rights of private parties [and] to compel obedience to orders and decrees,' whereas the purpose of a criminal contempt sanction is 'the vindication of the dignity and authority of the court.'" *Najawicz v. People*, 52 V.I. 315, 326 (V.I. 2013) (quoting *U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1273 (3d Cir. 1979)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *In re McIntosh*, S. Ct. Civ. Nos. 2012–0013, 0025, 2013 V.I. Supreme LEXIS 11, at *11 (V.I. Mar. 14, 2013) (unpublished) (quoting *In re Burke*, 50 V.I. 346, 352 (V.I. 2008)).

¶ 29    The Superior Court would not have abused its discretion in finding Faustin in contempt for failure to comply with its February 23, 2022 second order modifying release conditions. The order provided a clear and unambiguous set of release conditions, and Faustin concedes that he violated

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **15** of **21**

2024 VI 23

the 6:00 p.m. to 6:00 a.m. weekday curfew condition in July 2022, when witness Richard Julius saw him near his girlfriend's apartment, rather than in the home of his third-party custodian, after 8:00 p.m. on a Monday evening.[6] Faustin did not testify at the show cause hearing or provide any reason for his violation of the Superior Court's order; therefore, this Court finds that it was reasonable for the Superior Court to determine that Faustin had not diligently attempted to comply with its order in a reasonable manner.

¶ 30   Yet – while it was within the Superior Court's discretion to find Faustin in violation of his curfew requirement and to sanction him accordingly – the Superior Court erred in responding to the violation by revoking Faustin's bail and remanding him to the BOC indefinitely pending trial, rather than considering less stringent or severe sanctions.   The purpose of pretrial release conditions, as explicated in Rule 5-1 of the Virgin Islands Rules of Criminal Procedure, is threefold: "the court shall impose the least restrictive … conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process."   It may reasonably be concluded that a violation of such conditions may frustrate any or all of these purposes.   Here, the Superior Court specified on the record when remanding Faustin into custody that it believed Faustin's curfew violation showed him to be a risk to a certain subset of the community, namely, teenaged girls. Given the nature of the charges against Faustin, the Superior Court feared that Faustin's presence

---

[6] The Court agrees with Faustin that there is no evidence that he violated any other conditions of the Superior Court's order.  The People allege in their brief that, by visiting the home of his girlfriend, Frett, who has four minor children, Faustin simultaneously violated both his curfew condition and the condition that he not be alone with any minor child. However, there is no testimony or other information in the record supporting any allegation that Faustin was alone with any minor child that evening.  To the contrary, the only testifying witness to the event, Richard Julius, testified that he was dropping his children off with Frett, the children's mother, when he saw Faustin, and further testified that he identified Frett's vehicle in the parking lot.  It is therefore reasonable to assume that Frett was present in her home at that time.  Faustin was forbidden from being *alone* with minor children; he was not forbidden from being in the presence of children with another adult present.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page 16 of 21

2024 VI 23

in a home in which a teenaged girl resides constituted a threat that could not be mitigated by any lesser means than Faustin's incarceration pending trial. However, remanding a defendant to pretrial detention of indefinite length pending trial is inconsistent with the intent of both local and federal law to restrict pretrial detention to those matters involving a very narrow set of circumstances.

¶ 31    While, as the Superior Court emphasized in its orders throughout this matter, the nature of Faustin's charges is serious, this Court has previously ruled that "the fact that the prosecution chose to charge the defendant with a serious crime – *standing alone without more* – should have no bearing on the amount of bail or the conditions of pretrial release." *Moran*, 76 V.I. at 552-53 (citing *Stack* , 342 U.S. at 4). The ABA Pretrial Release standards likewise warn courts against too heavily considering the nature of the criminal charges when making determinations of bail and pretrial release conditions. *See* ABA STANDARDS FOR CRIMINAL JUSTICE Std. 10-5.1(b) & cmt. (3d ed. 2007). Instead, courts must adhere to the aforementioned considerations under Rule 5-1 of the Virgin Islands Rules of Criminal Procedure, carefully crafting specific bail conditions according to the facts of each case that constitute the least restrictive means of ensuring community safety, the defendant's court appearances, and the integrity of the judicial process.

¶ 32    This Court has consistently found that the purpose of bail and pretrial release conditions

> is not to punish the defendant, who is presumed innocent. Rather, the primary purpose of bail is to assure the presence of the defendant for trial under such conditions that also reasonably protect the community. *See* V.I. R. CRIM. P. 5.1(b); *Tobal v. People*, 51 V.I. 147, 155 n.4 (V.I. 2009) (collecting cases); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 719-20 (1990). "Any bail or conditions of release that are not tailored to achieve the purpose of bail are considered excessive and therefore unconstitutional." *Rieara*, 57 V.I. at 667. Therefore, it is unconstitutional to use bail or other pretrial release conditions as a mechanism to

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **17** of **21**

2024 VI 23

> punish the defendant in advance prior to conviction for crimes that may or may not have been committed. *United States v. Alston*, 420 F.2d 176, 179 (D.C. Cir. 1969).

*Moran*, 76 V.I. at 552. The Court concludes that the determination of sanctions for violation of bail conditions must be likewise carefully tailored to ensure compliance with court orders without imposition of what amounts to excessive punishment upon a defendant who retains a presumption of innocence. The Superior Court's order revoking Faustin's bail and remanding him into custody indefinitely pending trial reflects no such tailoring.

¶ 33 At the November 21, 2022 show cause hearing, the Superior Court heard testimony that Faustin had violated one pretrial release condition: he was outside rather than in the residence of his duly appointed third-party custodian after 6:00 p.m. on a weekday, thus violating his curfew condition. No evidence was presented to the Superior Court that Faustin committed any crime while violating his curfew or at any other time subsequent to his release on bail. Faustin appeared at every scheduled court matter while released on bail. There was no indication that Faustin represented a flight risk or a threat to anyone during his curfew violation. Instead, he was visiting his girlfriend and his child, whom the Superior Court had made specific exceptions in its release conditions to allow him to see, albeit not during the hours of his mandated curfew.

¶ 34 The Superior Court, when ordering that Faustin be remanded into custody, stated "at this moment I cannot craft any more appropriate conditions. I don't know how else to get the defendant to comply with something that is so simple [as a curfew condition]." Yet this Court finds such a judicial response inadequate. There is no justifiable reason to fail to conduct the analysis and consideration required of trial courts in light of the purposes of Rule 5-1 of the Virgin Islands Rules of Criminal Procedure when reviewing motions seeking sanctions for a criminal defendant's violation of pretrial release conditions. Had Faustin violated the Superior Court's pretrial release

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **18** of **21**

2024 VI 23

conditions several times, or in an egregious manner, or by engaging in criminal activity, the Superior Court's apparent exasperation with Faustin evidenced in its failure to conduct further analysis might be more understandable, but Faustin had done none of these things. On the contrary, he had violated one bail condition, in one instance, several months after his release, with no apparent criminal or otherwise dire consequences resulting from the violation. Therefore, it was error for the Superior Court to fail to attempt to adjust Faustin's release conditions or sanction him in any alternate way that would not have resulted in an extended period of indefinite incarceration. Indeed, this Court can find no jurisdictional precedent or rationale for responding to a mere curfew violation with a sanction consisting of an indefinite term of incarceration. The scope of the penalized conduct is not commensurate with the magnitude of the punishment imposed and, therefore, it must be vacated.

¶ 35    The Court must also register its deep concern regarding the myriad negative consequences that pretrial detention may have – not only on every aspect of an untried criminal defendant's life – but also on his future trial.

> [M]ore than liberty is lost when bail is denied. It is well documented that "[p]retrial detention lessens [the presumption of innocence] because an accused is now treated as a convict before trial. An accused individual loses time and liberty, jobs frequently disappear, family and friend relationships are disrupted. The physical appearance of an accused is affected during this period of detention. This impedes upon the ability to prepare an effective defense. As a result, an accused individual is more likely to be convicted and there is a greater likelihood that a severe sentence will be imposed. This violates due process since an accused individual loses liberty during pretrial detention prior to an adjudication of guilt at trial."

*State v. Ayala,* 610 A.2d 1162, 1177 (Conn. 1992) (Berdon, J., dissenting) (citing Comment, *United States v. Salerno: A Reduction of Individual Rights,* 15 NEW ENG. J. CRIM. & CIV. CONFINEMENT, 147, 161-62 (1989)).

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **19** of **21**

2024 VI 23

¶ 36    Accordingly, this Court concludes that the Superior Court erred in imposing such a severe penalty without more thoroughly considering lighter sanctions according to the facts of the matter and the purposes of Faustin's bail conditions.  The Superior Court's November 21, 2022 order will therefore be vacated and the matter remanded to the Superior Court with instructions to craft new bail conditions considering the purposes of bail as discussed in this opinion.  Additionally, and in accordance with the setting of new bail conditions, the cash bail bond of $15,000 posted by surety Zenicque Fleming under the previous bail conditions should be released to the surety.

## B. The Superior Court Abused its Discretion by Denying Faustin's Third Motion to Modify Release Conditions Without Explanation or Analysis.

¶ 37    Faustin filed his third motion to modify release conditions on April 27, 2022, requesting certain relaxed curfew conditions so that he could better accommodate his occupation as a musical performer and so that he could attend religious services of his choosing.  The Superior Court failed to address this motion until November 21, 2022, when it denied the motion without any explanation, rationale, or analysis in a one-sentence portion of its order revoking Faustin's bail and remanding him into BOC custody.  Such failure to address the issues Faustin raised constituted an abuse of discretion, the nature of which this Court has repeatedly found to merit automatic reversal and remand to the Superior Court. "[F]ailure to address an argument — even on a question of law to which this Court owes the Superior Court no deference — itself constitutes grounds for reversal." *Gerace v. Bentley*, 65 V.I. 289, 297 (V.I. 2016) (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 604 (V.I. 2014)); *see also Bryan v. Fawkes*, 61 V.I. 416, 476 (V.I. 2014) (remanding a case in which the Superior Court did not "make any factual findings or issue any conclusions of law" on a claim).

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **20** of **21**

2024 VI 23

¶ 38    An explanation of a Superior Court's decision is also indispensable in allowing this Court to effectively consider appeals. *See In re Q.G.,* 60 V.I. 654, 664 (V.I. 2014) ("[M]eaningful appellate review is impossible where the Superior Court fails to explain the reasons for its actions."); *Rieara,* 57 V.I. at 668 ("Meaningful review is not possible where the trial court fails to sufficiently explain its reasoning."). Faustin's third motion to modify release conditions presented several issues regarding his freedom to exercise certain constitutionally protected liberty interests, including his rights to engage in his chosen occupation (musician and performer) and to practice his religious beliefs by attending the religious services of his choice. There was no excusable reason for the Superior Court not to give these issues the consideration they require. *See Mahabir v. Heirs of George,* 63 V.I. 651, 667 (V.I. 2015) ("[T]he Superior Court cannot simply ignore arguments that a party has properly presented."). Failure to consider relevant issues renders this Court's task of review impossible.[7] The order denying Faustin's third motion for modification of release conditions is therefore vacated and the matter is remanded to the Superior Court with instructions to issue an order on Faustin's third motion that addresses all issues presented therein and adroitly crafts release conditions consistent with the purposes of Rule 5-1 of the Virgin Islands Rules of Criminal Procedure.

## V.    CONCLUSION

---

[7] The Court can only speculate that the Superior Court determined, when issuing its order revoking Faustin's bail and remanding him into custody, that the issues raised in the third motion to modify release conditions were then moot, as Faustin was no longer out on release. This failure to address the issues raised or Faustin's other bail conditions evidences that the Superior Court had no intention or expectation that Faustin would again be released at any time prior to his trial, hence rendering any concern over release modifications unnecessary. However, as this Court has stated above, the incarceration of Faustin without a definite term in response to a curfew violation was an abuse of discretion, and the Superior Court's apparent failure to even consider that Faustin might be released at any time prior to his undetermined trial date when remanding him into custody is of grave concern to this Court.

*Faustin v. People*
S. Ct. Crim. No. 2022-0107
Opinion of the Court
Page **21** of **21**

2024 VI 23

¶ 39     Because it failed to adequately consider less severe penalties that would have met the purposes of Rule 5-1 of the Virgin Islands Rules of Criminal Procedure, the Superior Court abused its discretion when it revoked Faustin's pretrial release conditions, remanded him to the BOC indefinitely while awaiting trial, and denied his third motion for modification of bail conditions. The November 21, 2022 order is therefore vacated and the matter remanded for further action consistent with this Court's opinion.

**Dated this 4ᵗʰ day of June, 2024.**

**BY THE COURT:**

**IVE ARLINGTON SWAN**
Associate Justice

**ATTEST:**
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:**
**Deputy Clerk II**

**Date:** June 4, 2024