**KRIM M. BALLENTINE, Appellant**
**v.**
**UNITED STATES OF AMERICA**

No. 06-4800

United States Court of Appeals for the Third Circuit

May 10, 2007

KRIM M. BALLENTINE, St. Thomas, V.I., *Pro se Appellant.*

MICHAEL J. SINGER, United States Department of Justice, Civil Division, Washington, DC; MATTHEW M. COLLETTE, United States Department of Justice, Civil Division, Appellate Staff, Washington, DC; JOCELYN HEWLETT, Office of United States Attorney, St. Thomas, USVI, *Counsel for Appellee.*

SLOVITER, STAPLETON, and VAN ANTWERPEN, *Circuit Judges.*

## OPINION OF THE COURT

(May 10, 2007)

Appellant Krim Ballentine, a citizen of the United States Virgin Islands, appeals the decision of the District Court of the Virgin Islands to grant Appellee United States' motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). We will affirm the District Court's decision and adopt its well-reasoned opinion in full.

## I.

The facts in this case are not in dispute. *Pro se* appellant Krim Ballentine was born in Missouri in 1936, and worked as a deputy United States Marshal in the continental United States for many years. In 1973, the Marshal Service transferred Ballentine to the United States Virgin Islands. In 1985, Ballentine retired from the Marshal Service and took permanent residence in the Virgin Islands.

On July 30, 1999, Ballentine brought an action against the United States in the District Court of the Virgin Islands asserting various constitutional claims stemming from (1) his inability, as a resident of the Virgin Islands, to vote in the election of the President of the United States or be represented by voting members of Congress and (2) the status of the Virgin Islands as an unincorporated territory. The United States moved to dismiss Ballentine's claims. In a memorandum dated October 15, 2001, District Court Judge Thomas K. Moore chronicled in detail the history of Virgin Islands governance from 1906, when the Islands were a colony of Denmark, to present. *See Ballentine v. United States*, No. 1999-130, 2001 U.S. Dist. LEXIS 16856 (D.V.I. 2001). In so doing, Judge Moore clarified and expounded upon Ballentine's arguments. Ultimately, Judge Moore explained that he could not rule on the United States' motion without more information, and he ordered supplemental briefing on a variety of issues. *See* 2001 U.S. Dist. LEXIS 16856, [WL] at *14. After the supplemental briefing, the District Court again considered the United States' motion. By this time, however, Judge Moore had retired, and Judge Anne E. Thompson had been assigned the case. On September 21, 2006, Judge Thompson granted the United States' motion. *See Ballentine v. United States*, No. 199-130, [WL] at *1 (D.V.I. 2006).

On October 13, 2006, Ballentine filed a timely notice of appeal.

## II.

We have jurisdiction over Ballentine's claims pursuant to 28 U.S.C. § 1291, and we review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006). We also review *de novo* a district court's jurisdictional determinations. *Bowen v.*

*Monus (In re Phar-Mor Inc. Secs. Litig.)*, 172 F.3d 270, 273 (3d Cir. 1999).

### III.

On appeal, Ballentine asserts that (1) he has a right under the Constitution to vote in presidential elections, (2) he has the right to be represented in Congress by a regular voting member, (3) the Revised Organic Act of 1954 is unconstitutional, (4) Congress does not have the power to confer citizenship upon persons born in the Virgin Islands after 1917, and (5) the International Covenant on Civil and Political Rights provides residents of the Virgin Islands with substantive rights, including the right to vote for President of the United States.

█ The District Court did an excellent job explaining and addressing all five of Ballentine's claims, and we find its analysis complete and correct. Accordingly, we attach a copy of the District Court's opinion to this opinion and adopt that opinion as our own.

### IV.

For the foregoing reasons, we will affirm the District Court's decision to grant the United States' motion to dismiss Ballentine's claims.