IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

March 23, 2026 11:18 AM
SCT-Civ-2023-0029
**DALILA E. PATTON, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

LISA PALTON, ON HER OWN AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
BERNADETTE PALTON,

    Appellant/Plaintiff,

v.

VIRGIN ISLANDS GOVERNMENT
HOSPITALS AND HEALTH FACILITIES
CORPORATION,

    Appellee/Defendant.

S. Ct. Civ. No. 2023-0029
Re: SX-2019-CV-00190

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Jomo Meade

Argued: October 14, 2025
Filed: March 23, 2026

Cite as: 2026 VI 4

BEFORE:     **MARIA M. CABRET**, Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Rhea Lawrence, Esq. (Argued)**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
    *Attorney for Appellant/Plaintiff,*

**Gordon C. Rhea, Esq.**
**Pamela R. Tepper, Esq.**
**Sean P. Bailey, Esq. (Argued)**
V.I. Department of Justice
St. Croix, U.S. Virgin Islands
    *Attorney for Appellee/Defendant.*

## OPINION OF THE COURT

**WILLOCKS, Associate Justice.**

¶ 1     Appellant Lisa Palton ("Appellant"), on her own and as personal representative of the

Estate of Bernadette Palton[1] ("Mrs. Palton"), appeals from an order entered on June 9, 2023, by

the Superior Court of the Virgin Islands ("Superior Court") granting a motion by Appellee Virgin

Islands Government Hospital and Health Facilities Corporation[2] ("VIGHHFC") to dismiss for lack

of subject matter jurisdiction.

## I. BACKGROUND

¶ 2     On April 29, 2019, Appellant, "on her own and as personal representative" of Mrs. Palton,

commenced a medical malpractice action by filing a verified complaint against VIGHHFC in

connection with the medical treatment Mrs. Palton received at Governor Juan F. Luis Hospital and

Medical Center ("Hospital") from November 29, 2016, through December 5, 2016.[3]

---

[1] The caption in Appellant's briefs differs from that used in the Superior Court, where she appeared "on her own and as personal representative of Bernadette Palton." On appeal, she is identified as acting "on her own and as personal representative of the *Estate* of Bernadette Palton," advising that Mrs. Palton passed away in the interim, as Appellant represented at oral argument.

[2] In her verified and first amended verified complaints, Appellant misidentified the defendant as the "Virgin Islands Government of the Hospital and Health Facilities Corporation" and the "Virgin Islands Hospital and Health Facilities Corporation." The correct name is the "Virgin Islands Government Hospitals and Health Facilities Corporation," 19 V.I.C. § 243(a), and the caption in this appeal has been updated to reflect that name.

[3] In 1994, the Virgin Islands Legislature enacted the Virgin Islands Government Hospitals and Health Facilities Corporation Act, 19 V.I.C. § 240 *et seq.*, establishing the Virgin Islands Government Hospitals and Health Facilities Corporation. *See* Act No. 6012 (V.I. Reg. Sess. 1994). Under the Act, the corporation has "jurisdiction over the Governor Juan F. Luis Hospital and Medical Center ... and all personnel and equipment associated therewith," and possesses the "power to sue and be sued subject to the limitations and requirements of existing law applicable to the Government of the Virgin Islands." 19 V.I.C. §§ 245(c), 244(a); *cf. Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. ex rel. Governor Juan F. Luis Hosp. & Med. Ctr. v. Titan Med. Grp., LLC*, 69 V.I. 873, 885 (V.I. 2018) ("Like the Superior Court, we conclude that without some indication in the governing statutory framework, there is no reason to believe that the Legislature intended to subject JFL Hospital to suit. The Legislature, by largely referring to JFL Hospital as a mere 'facility' and declining to recognize it — as opposed to the VIHHFC — as a 'public corporation' with authority to 'sue and be sued,' did not evidence an intent to subject JFL Hospital to suit.").

*Palton v. VIGHHFC*          2026 VI 4
S. Ct. Civ. No. 2023-0029
Opinion of the Court
Page 3 of 26

¶ 3    On June 19, 2020, VIGHHFC filed a motion to dismiss "the action for a lack of subject matter jurisdiction (due to plaintiff's failure to file this action within the applicable two year Statute of Limitations [of the Virgin Islands Medical Malpractice Act ("VIMMA")] ([27 V.I.C.] § 166d), … and for plaintiff's failure to state a claim upon which relief can be granted (due to plaintiff's failure to file this action within the applicable Statute of Limitations)"[4] pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure.[5]

¶ 4    On August 3, 2020, Appellant filed an opposition, arguing that VIGHHFC's motion raised a facial challenge to subject matter jurisdiction and should therefore be evaluated under the Rule

---

[4] In its motion to dismiss, VIGHHFC briefly sought dismissal of the action "for plaintiff's failure to comply with the procedural mandates set forth in the Virgin Islands Tort Claims Act (33 V.I.C. § 3409(c))," but offered no supporting argument or authority, either in the motion or at the hearing, and instead focused on the VIMMA. Accordingly, the Superior Court did not reach this issue in the June 9, 2023 Order, and it is not before us on appeal.

[5] A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, *i.e.*, the court's power to hear a case or consider a claim. "Subject-matter jurisdiction is a prerequisite to any legal action, and the party asserting jurisdiction must generally prove that the court has subject-matter jurisdiction." *Raymond-Benjamin v. Assefa*, 72 V.I. 815, 824 (V.I. 2020) (citing *Gov't of the V.I. v. UIW-SIU*, 64 V.I. 312, 323 (V.I. 2016)).

A Rule 12(b)(1) motion may be a facial or factual challenge. A facial attack contests only the sufficiency of the pleadings, *i.e.*, attacks the complaint on its face without contesting the veracity of its alleged facts. In this context, the court must accept all factual allegations as true, much like when considering a Rule 12(b)(6) motion; the merits of the claims are not addressed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a Rule 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). A factual attack, by contrast, disputes the truth of one or more allegations. Here, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 189 (V.I. 2009) (quoting *Mortensen*, 549 F.2d at 891).

By comparison, a Rule 12(b)(6) motion tests the legal sufficiency of the complaint and may be granted only if the complaint fails to state a claim upon which relief can be granted. In reviewing a 12(b)(6) motion, as with a facial 12(b)(1) challenge, the court accepts all factual allegations as true and does not consider the merits of the claims. *See Oliver v. Terminix Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. April 26, 2020); accord *Arno v. Hess Corp.*, 71 V.I. 463, 494 (V.I. Super. Ct. Oct. 17, 2019).

12(b)(6) standard.[6] In response to VIGHHFC's statute of limitations defense, Appellant argued

that her complaint was timely because statute of limitations was tolled pursuant to the VIMMA's

statutory tolling provision under section 166d(a),[7] the discovery rule, and the fraudulent

concealment doctrine.

¶ 5     On October 18, 2021, prior to the adjudication of VIGHHFC's motion to dismiss,

Appellant filed a motion for leave to file a first amended verified complaint. As with the original

complaint, Appellant filed the first amended verified complaint "on her own and as personal

representative" of Mrs. Palton. The first amended verified complaint contained the same

substantive allegations as the original complaint and did not contain any substantive revisions.[8]

(Appellant Br. 5). On October 21, 2021, the Superior Court entered an order in which it granted

Appellant's motion and deemed the first amended verified complaint filed on the same date.[9]

---

[6] Appellant referenced: *Raymond v. Assefa*, 2017 V.I. LEXIS 153, at *2 (V.I. Super. Ct. Nov. 8, 2017).

[7] All references to "section" herein refer to the VIMMA, 27 V.I.C. § 166 *et seq.*, unless otherwise stated.

[8] Specifically, Appellant amended the caption to identify "Virgin Islands Hospital and Health Facilities Corporation" (formerly identified as "Virgin Islands Government of the Hospital and Health Facilities Corporation") and clarified references to "Bernadette Palton," which had previously appeared as "Plaintiff" or "Palton."

[9] Ordinarily, when a defendant fails to oppose a plaintiff's motion for leave to amend, it effectively consents to the amendment, and by not renewing its motion to dismiss, abandons the original motion. Here, however, because Appellant's first amended complaint made only non-substantive changes and VIGHHFC subsequently moved for a ruling on its original motion, its filing may be construed as a renewal of that motion. *See Rainey v. Patton*, 2011 U.S. Dist. LEXIS 126362, at *4-5 (S.D. Ohio Sep. 26, 2011) ("In that regard, the filing of an amended complaint generally moots a pending motion to dismiss ... Only in the rare case, where the amended complaint is 'substantially identical to the original complaint,' may a properly filed amended complaint be insufficient to moot the motion to dismiss."); *cf. Macelus v. Capital Collection Serv.*, 2017 U.S. Dist. LEXIS 184590, at *5-6 (D.N.J. Nov. 7, 2017) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.") (quoting WRIGHT & MILLER, 6 FED. PRAC. & PROC. CIV. § 1476 (3d ed.)).

¶ 6     On May 10, 2023, the parties appeared before the Superior Court for a hearing on VIGHHFC's June 19, 2020, motion to dismiss. The parties presented their arguments, and the court took the matter under advisement.

¶ 7     On June 9, 2023, the Superior Court entered an order ("June 9, 2023 Order") in which the court granted VIGHHFC's June 19, 2020, motion to dismiss for lack of subject matter jurisdiction. The court concluded that Appellant's "complaint was untimely and failed to comply with the provisions of the [VI]MMA thereby denying this Court . . . subject matter jurisdiction," based on the following findings: (i) the alleged conduct occurred between November 29, 2016, and December 5, 2016, yet Appellant did not file with the Medical Malpractice Action Review Committee ("Committee") until January 28, 2019, or with the Court until April 29, 2019—more than two years later; (ii) "the [VI]MMA requires [that] malpractice claims against health care provider[s] must be brought within two years"; (iii) "there is no basis for application of the discovery rule [to] toll[ ] the limitations period"; and (iv) "the tolling rules related to fraudulent concealment do not apply."

¶ 8     On July 10, 2023, Appellant filed a timely notice of appeal of the June 9, 2023 Order. *See* V.I. R. APP. P. 5(a)(1) ("In a civil case in which an appeal is permitted by law as of right from the Superior Court to the Supreme Court, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Supreme Court within 30 days after the date of entry of the judgment or order appealed from...."). In her notice of appeal, Appellant raised a single issue on appeal: "Whether the Superior Court erred in granting [VIGHHFC's] motion to dismiss."

## II. DISCUSSION

### A. Jurisdiction

¶ 9    The Revised Organic Act of 1954 provides this Court with appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law. . . ." 48 U.S.C. § 1613a(d). Title 4, section 32(a) of the Virgin Islands Code vests this Court with jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court [of the Virgin Islands], or as otherwise provided by law." 4 V.I.C. § 32(a). An "order that disposes of all claims submitted to the Superior Court [of the Virgin Islands] is considered final for the purposes of appeal." *Jung v. Ruiz*, 59 V.I. 1050, 1057 (V.I. 2013) (citing *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012)); *see also, Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 706-07 (V.I. 2010) ("The general rule is that a decision is considered final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008) (quoting *Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001))). The June 9, 2023 Order granted VIGHHFC's June 19, 2020, motion to dismiss for lack of subject matter jurisdiction. Hence, the order constituted a final judgment resolving all claims submitted for adjudication in the underlying matter and thereby conferred appellate jurisdiction upon this Court.[10] *Daley-Jeffers v. Graham*, 69 V.I. 931, 935 (V.I.

---

[10] Arguably, the June 9, 2023 Order from which Appellant appeals does not constitute a final, appealable order because it did not resolve all claims submitted for adjudication—it disposed only of Appellant's medical malpractice claim filed on behalf of Mrs. Palton's estate.

Appellant had filed the verified complaint and first amended verified complaint "on her own and as personal representative" of Mrs. Palton. However, neither the complaint nor the amended complaint clearly distinguished which causes of action were asserted in Appellant's individual capacity and which were asserted on behalf of Mrs. Palton.

This lack of clarity created confusion. VIGHHFC appears to have construed the complaint as asserting only a medical malpractice claim on behalf of Mrs. Palton and therefore moved to dismiss for failure to comply with the VIMMA's prefiling requirements. The Superior Court accepted that

2018) ("Because the Superior Court's August 24, 2016 order granting the Appellees' motion to

dismiss for lack of subject matter jurisdiction and insufficient service of process was a final order,

and because the Superior Court failed to dispose of Daley-Jeffers' motion to set aside the judgment

within 120 days, this Court has jurisdiction over this appeal.").

## B. Overview of Issues

¶ 11    In her brief, Appellant argues that "the Superior Court erred in dismissing the action for

lack of subject matter jurisdiction because the statute of limitations does not impact subject matter

jurisdiction." Appellant further argues that the Superior Court erred in ruling that the limitations

---

interpretation and dismissed the matter for lack of subject matter jurisdiction for "fail[ure] to comply with the provisions of the [VI]MMA." (June 9, 2023 Order).

To the extent Appellant intended to assert claims in her individual capacity, those claims were neither analyzed nor expressly dismissed. Such claims would not fall under the VIMMA because "[a] patient's claim for compensation under [VIMMA] is not assignable." 27 V.I.C. § 166c. Accordingly, those individual claims—whether viable or not—may technically remain pending, meaning the June 9, 2023 Order may not have resolved all claims as to all parties.

Ordinarily, such an order would not be final. *See Joseph v. Daily News Publ'g Co., Inc.*, 57 V.I. 566, 578 (V.I. 2012) ("This Court has consistently held that *when the Superior Court dismisses all causes of action with respect to some — but not all — defendants in a multi-defendant litigation, that order is typically not final*, and thus no appeal may be entertained as a matter of right until a judgment is entered adjudicating all claims with respect to all defendants.") (emphasis in original). Nonetheless, in *Joseph* we recognized that "in some exceptional cases, an appeal from an order that only explicitly resolves some claims, or some defendants may proceed—for instance, if the Superior Court intended for its decision to end the litigation." *Id.* at 578-79. There, "[a]lthough the January 22, 2009 Opinion and Order might not technically constitute a final judgment within the meaning of [Virgin Islands Code title 4,] section 32, the actions of the parties and applicable case law support its being treated as a final judgment," and we resolved the ambiguity in favor of jurisdiction. *Id.* at 579. Thus, we concluded that "we possess jurisdiction over Joseph's appeal." *Id.*

The same reasoning applies here. Although the June 9, 2023 Order may not technically dispose of all claims, the actions of the parties and the Superior Court indicate an intent to end the litigation. Accordingly, this Court will treat the June 9, 2023 Order as a final, appealable judgment for purposes of jurisdiction.

period was not tolled under the discovery rule or the VIMMA's statutory tolling provision under

section 166d(a).[11]

## C. Standard of Review

¶ 10    The standard of review for examining the Superior Court's application of law—including

constitutional questions and questions relating to the Superior Court's subject matter jurisdiction—

is plenary, while factual findings are reviewed for clear error. *St. Thomas-St. John Bd. of Elections*

---

[11] Appellant also argues that the Superior Court erred by not granting her leave to amend the complaint. However, this issue falls outside the scope of her notice of appeal, which challenged only the June 19, 2020 order granting dismissal—"whether the Superior Court erred in granting VIGHHFC's June 19, 2020 motion to dismiss."

Under Virgin Islands Rules of Appellate Procedure 4(c) and 5(a)(4), Appellant was required, under the plain language of Rule 5(a)(4), to amend its previously filed notice of appeal to "designate the ... order, or part thereof appealed from and the reason(s) or issue(s) to be presented on appeal." Because Appellant did not amend her notice of appeal to include this issue as required by Virgin Islands Rules of Appellate Procedure 4(c) and 5(a)(4), it is not properly before this Court. *See* V.I. R. APP. P. 4(c) ("The notice of appeal...shall designate the judgment, order, or part thereof appealed from and the reason(s) or issue(s) to be presented on appeal."); *see also*, V.I. R. APP. P. 5(a)(4) ("Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 4(c), to amend a previously filed notice of appeal."); *cf. Tip Top Constr. Corp. v. Austin*, 71 V.I. 549, 561 (V.I. 2019) ("We have repeatedly upheld the general rule that '[w]hen a notice of appeal fails to designate an order, that order is not properly before this Court for consideration.'") (citations omitted).

Even if it had been included in her notice of appeal, the issue is waived because it was never adequately presented to the Superior Court. *See* V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal."); *see also*, V.I.R.APP.P. 22(m) ("Issues that were (1) not raised or objected to before the Superior Court, (2) raised or objected to but not briefed, or (3) are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects substantial rights."). Appellant raised the issue only perfunctorily, without meaningful argument or legal authority, merely requesting in her opposition to VIGHHFC's motion to dismiss that "if the Court determines that the allegations are insufficient to state a timely and valid claim for medical malpractice, [Appellant] requests leave to amend the Complaint." Tellingly, the June 9, 2023 Order contained no discussion of whether amendment was appropriate, reflecting that Appellant offered no substantive analysis of the issue. *See Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012) ("The rules that require a litigant to brief and support his arguments before the Superior Court are not mere formalistic requirements; they exist to give the Superior Court the opportunity to consider, review, and address an argument.").

*v. Daniel*, 49 V.I. 322, 329 (V.I. 2007); *see also, Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (citing *St. Thomas-St. John Bd. of Elections*, 49 V.I. at 329); *In re Guardianship of Smith*, 54 V.I. 517, 524 (V.I. 2010) ("[T]his Court exercises plenary review over questions relating to the Superior Court's subject matter jurisdiction.") (citing *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008)). "Clear error is a very deferential standard; an appellate court should only reverse a factual determination as being clearly erroneous if it is completely devoid of minimum evidentiary support or ... bears no rational relationship to the supportive evidentiary data." *In re Estate of Small*, 57 V.I. 416, 430 (V.I. 2012) (internal quotation marks and citations omitted).

### 1. Whether the Superior Court Erred in Dismissing this Action for Lack Subject Matter Jurisdiction

¶ 12    In her brief, Appellant argues that "the Superior Court erred in dismissing the action for lack of subject matter jurisdiction because the statute of limitations does not impact subject matter jurisdiction at all." Appellant asserts that VIGHHFC's statute of limitations argument should be construed as a facial attack on the complaint subject to the same standard used to evaluate facial challenges of claims under Rule 12(b)(6).

¶ 13    In response, VIGHHFC argues that Appellant's medical malpractice claim warranted dismissal under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. VIGHHFC concedes that its statute of limitations argument should be evaluated under Rule 12(b)(6) standard, but asserts that "whether the Superior Court characterized its dismissal for failure to file within the limitations period in terms of subject matter jurisdiction or failure to state a claim, both the applicable standard of review and the result would be the same in this instance."

¶ 14    In the June 9, 2023 Order, the Superior Court did not indicate which subsection of Rule 12 it relied upon in dismissing the action, nor did it specify whether it applied the Rule 12(b)(1) or Rule 12(b)(6) standard of review. Nevertheless, because the court framed VIGHHFC's statute of limitations argument in terms of subject matter jurisdiction and expressly granted the motion to dismiss "for lack of subject matter jurisdiction," it is clear that the court characterized this argument as a jurisdictional challenge.

¶ 15    As a threshold matter, section 166i—which establishes "non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims" under the VIMMA, *Brady*, 55 V.I. at 820— does not set a deadline for a claimant to satisfy the statutory pre-filing conditions. *See* 27 V.I.C. § 166i(b) ("No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion."); *see also, Daley-Jeffers*, 69 V.I. at 938 (noting that under section 166i, "[o]nce the claimant has filed her complaint with the Committee, she may proceed to court after one of two things happens: (1) the Committee has received the expert opinion; or (2) the Committee has not received an expert opinion and 90 days have passed"); *Saludes v. Ramos*, 744 F.2d 992, 996 (3d Cir. 1984) ("[T]he Medical Malpractice Act imposes no explicit deadline on the filing of the proposed complaint with the Malpractice Committee. The only time limit is the statute of

limitations, which operates only because the proposed complaint must be filed with the Committee before any action may be filed in court, 27 V.I.C. § 166i(b).").

¶ 16     It is section 166d—aptly titled "statute of limitations"—that sets forth the two-year statute of limitations for medical malpractice claims. *See* 27 V.I.C. § 166d(a) ("No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, omission or neglect.").

¶ 17     Here, it is undisputed by the parties that Appellant filed a proposed complaint with the Committee on January 28, 2019,[12] satisfying the first condition under section 166i. It is likewise undisputed that after the Committee failed to respond within 90 days, Appellant filed her complaint in the Superior Court on April 29, 2019, thereby satisfying the second condition. At that point, because Appellant had satisfied section 166i's pre-filing requirements, the Superior Court's subject matter jurisdiction over Appellant's medical malpractice claim was properly vested. *See Daley-Jeffers*, 69 V.I. at 938-39 ("Section 166i is clear; statutory restrictions on the Superior Court's jurisdiction are inapplicable once the claimant has satisfied the statutory pre-filing conditions. The record before this Court clearly demonstrates that Daley-Jeffers filed a proposed complaint with the Committee, satisfying the first condition of section 166i. After the Committee did not respond within 90 days, the second condition was met, and Daley-Jeffers was free to file her complaint with the Superior Court. At that point, the Superior Court had jurisdiction to hear her claim under 4 V.I.C. § 76(a), and no other action was necessary — pleading or otherwise — to invoke the Superior Court's subject matter jurisdiction.") (internal citation omitted); *Brady*, 55

---

[12] VIGHHFC acknowledged in its motion to dismiss that Appellant "filed her proposed complaint with the Medical Malpractice Action Review Committee on January 28, 2019." (JA 033).

V.I. at 820 ("[T]he requirements of section 166i are non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims.").

¶ 18    Thus, the Superior Court and the parties mistakenly characterized VIGHHFC's statute of limitations argument—that the court lacked subject matter jurisdiction because Appellant filed her complaint after VIMMA's two-year limitations period lapsed—as a jurisdictional challenge. "It is well-established, however, that [the] Virgin Islands' statutes of limitation are presumptively non-jurisdictional, and therefore may be waived if not timely asserted by a defendant or equitably modified by a court."[13] *Brady*, 55 V.I. at 817 n.15; *see Gov't of the V.I. v. United Indus., Svc., Transp., Prof. & Gov't Workers of N.A.*, 64 V.I. 312, 320-22 (V.I. 2016) (noting that "it is well-established that the statute of limitations is not jurisdictional" and holding "that the Union has inaccurately cloaked its statute of limitations argument in jurisdictional language").

¶ 19    Furthermore, because the statute of limitations is an affirmative defense, V.I. R. CIV. P. 8(c)(1), it should be raised under Rule 12(b)(6) in a motion to dismiss for failure to state a claim

---

[13] In *Brady*, we determined that the pre-filing requirements of section 166i are jurisdictional. We made no similar determination as to the two-year statute of limitations in section 166d. The plain language of the time limit imposed in section 166d is an ordinary, run-of-the-mill statute of limitations—as clearly identified in the title of section—specifying the time within which a medical malpractice claim must be filed. This, together with its placement within the VIMMA—in a separate section titled "Statute of Limitations," distinct from the pre-filing requirements under section 166i—further reflects a legislative intent that the limitations period is procedural rather than jurisdictional. Accordingly, there is no reason to treat the limitations period in section 166i as jurisdictional. This is consistent with the well-established rule that statutes of limitation are presumptively non-jurisdictional. *See Brady*, 55 V.I. at 817 n.15; *see also, United States v. Kwai Fun Wong*, 575 U.S. 402, 409-10 (2015) ("In recent years, we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has 'clearly state[d]' as much . . . . And in applying that clear statement rule, we have made plain that most time bars are nonjurisdictional. Time and again, we have described filing deadlines as 'quintessential claim-processing rules,' which 'seek to promote the orderly progress of litigation," but do not deprive a court of authority to hear a case.'") (internal citations omitted).

upon which relief can be granted, rather than one under Rule 12(b)(1) for lack of subject-matter jurisdiction.[14] *See Brady*, 55 V.I. at 817 n.15 (noting the Superior Court erred in treating Dr. Cintron's motion to dismiss on statute of limitations grounds as a Rule 12(b)(1) motion rather than a Rule 12(b)(6) motion); *see also, Martinez*, 51 V.I. at 189 (explaining that affirmative defenses arise under Rule 12(b)(6), not Rule 12(b)(1)). In other words, whether Appellant filed her complaint within the VIMMA's two-year limitations period has no bearing on the Superior Court's subject matter jurisdiction: if Appellant's complaint is timely under tolling theories, she has stated a claim upon which relief can be granted; if untimely, she has failed to state a claim upon which relief can be granted. Consequently, VIGHHFC's statute of limitations argument cannot be construed as a facial or factual attack on the Superior Court's subject matter jurisdiction. Because the statute of limitations defense does not implicate jurisdiction, the Superior Court had subject matter jurisdiction over Appellant's medical malpractice claim, contrary to its conclusion in the June 9, 2023 Order.

¶ 20    Accordingly, the Superior Court erred in granting VIGHHFC's motion and dismissing this action for lack of subject matter jurisdiction.[15]

---

[14] *See supra*, note 5.

[15] This is consistent with our holding in *Brady*. In that case, we concluded that "[t]he Superior Court...lacked subject matter jurisdiction over Brady's medical malpractice claims until July 30, 2006 — over a month after the statute of limitations had elapsed — and [thus] it did not err in dismissing Brady's claims against Dr. Cintron." 55 V.I. at 817. However, we also noted that the court mischaracterized the dismissal as one for lack of subject matter jurisdiction rather than for failure to state a claim. That mischaracterization, though, was deemed harmless error "because Dr. Cintron timely asserted his statute of limitations defense in both his answer and a motion to dismiss." *Id.* at 817 n.15.

### 2. Whether the Superior Court Erred in its Ruling that the Statute of Limitations was not Tolled

¶ 21　In her brief, Appellant argues that the Superior Court erred in ruling that the limitations period governing the claims in this lawsuit was not tolled under the discovery rule or the statutory tolling provision under section 166d(a). She contends that the court exceeded the scope of review permitted under by Rule 12(b)(6) by reaching beyond the pleadings, and that, even considering only the pleadings, the allegations were sufficient—emphasizing that "a complaint cannot be dismissed for failing to anticipate a defense or to plead facts specifically addressing it."

¶ 22　In response, VIGHHFC argues that the Superior Court "did not err [in] dismissing [Appellant's] complaint for failure to state a claim upon which relief may be granted" on statute of limitations grounds. VIGHHFC contends that, under the Rule 12(b)(6) standard review, "accepting the well-pleaded allegations of the complaint as true, the two-year statute of limitations had expired and there was no basis for either equitable or statutory tolling of the limitations period."

¶ 23　In the June 9, 2023 Order, the Superior Court found that Appellant's complaint was filed after the VIMMA's two-year statute of limitations. The court noted that "[t]he conduct that gives rise to [Appellant's] claims would have occurred some time between November 29, 2016, and December 5, 2016, but [Appellant] did not file a complaint with the Committee until January 28, 2019, and did not file a complaint with the Court until April 29, 2019, more than two years after the incident would have occurred." Based on that finding, the Superior Court addressed Appellant's tolling arguments and found that "there is no basis for application of the discovery rule" and that "the tolling rules related to fraudulent concealment do not apply." The court therefore concluded that Appellant's complaint was untimely.

¶ 24    Here, the parties do not dispute the court's determination of the relevant accrual date of Appellant's medical malpractice claim or its conclusion that Appellant's complaint was filed more than two years after accrual. "Once a cause of action has accrued and the statutory period for bringing the action has expired, an injured party is barred from bringing suit unless the statute of limitations has been tolled." *Burt v. Lockheed Martin Corp.*, 2024 VI 33, ¶ 15 (V.I. 2024) (quoting *Santiago v. V.I. Housing Auth.*, 57 V.I. 256, 273 (V.I. 2012) (quoting *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991))). Thus, unless the statutory period was tolled as Appellant asserts, her medical malpractice claim against VIGHHFC is time-barred.

### a. The Superior Court Abused its Discretion in Failing to Address Appellant's VIMMA's Statutory Tolling Argument

¶ 25    As a preliminary matter, we note that the Superior Court's June 9, 2023 Order made no distinct findings as to the VIMMA's statutory tolling provision under section 166d(a). In the order, the Superior Court appears to have conflated the two tolling theories—the statutory tolling provision under section 166d(a) and the common-law fraudulent concealment doctrine— referencing section 166d(a) only tangentially while discussing fraudulent concealment.[16] Nevertheless, by concluding that "the tolling rules related to fraudulent concealment do not apply," the June 9, 2023 Order confirms that the Superior Court considered tolling only under the fraudulent concealment doctrine—not under section 166d(a).

---

[16] The June 9, 2023 Order provided in relevant part:

> Next, [Appellant] contends that [VIGHHFC] fraudulently concealed information from which [Appellant] could determine that the patient suffered the injury as a result of [VIGHHFC's] negligence. **"The [VI]MMA allows for tolling the statute of limitations during any period when the health care provider had actual knowledge of any act, omission or neglect or knowledge of facts which would reasonably indicate such act, omission or neglect . . . is the basis for a malpractice claim and failed to disclose such fact to the patient." *Raymond-Benjamin v. Assefa*, 72 V.I. 815, 825 (V.I. 2020).**

(Emphasis added).

¶ 26    Interestingly, after the June 9, 2023 Order, Appellant also seemed to conflate the two. She initially argued before the Superior Court that tolling applied under three separate theories: (i) the VIMMA's statutory tolling provision under section 166d(a), (ii) the discovery rule, and (iii) the fraudulent concealment doctrine. However, although the Superior Court's June 9, 2023 Order addressed tolling only under the discovery rule and the fraudulent concealment doctrine—and did not address section 166d(a)— Appellant now argues on appeal that the court erred by failing to find tolling under both the discovery rule and section 166d(a).

¶ 27    In *Raymond-Benjamin*, we emphasized that "[f]raudulent concealment is a common-law doctrine that the United States Supreme Court has held is implicit in any statute of limitations in order to prevent a responsible party from affirmatively hiding their guilt and thus using the courts to avoid liability." 72 V.I. at 826 n.8. We made it clear that "[i]n no respect do[es] the doctrine of fraudulent concealment…resemble § 166d of the [VI]MMA; [it is] irrelevant to the interpretation of the unambiguous plain text of § 166d." *Id.*

¶ 28    Therefore, the Superior Court should have considered Appellant's statutory tolling argument under section 166d(a) independently from the fraudulent concealment doctrine. It should have done so before turning to the discovery rule or the fraudulent concealment doctrine, because section 166d(a) provides the primary, legislatively mandated tolling framework under the VIMMA and appears within the same subsection (a) of "§ 166d. Statute of limitations" as the limitations provision itself.[17] As we have repeatedly emphasized, when interpreting a statute, "we 'must do

---

[17] Section 166d(a) provides:

our best, bearing in mind the fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *In re Joseph*, 65 V.I. 217, 230 (V.I. 2016) (quoting *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 611-12 (3d Cir. 2015) (quoting *King v. Burwell*, 576 U.S. 473, 492 (2015))). "Accordingly, this Court must not confine itself to examining a particular statutory provision in isolation; [i]nstead, we must interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into a harmonious whole." *Id.* (internal quotation marks and citations omitted).

¶ 29    By failing to evaluate the statutory tolling provision under the VIMMA to determine the timeliness of Appellant's medical malpractice claim—and instead addressing tolling under the discovery rule and fraudulent concealment doctrine—the Superior Court bypassed a critical inquiry directly bearing on the timeliness of Appellant's medical malpractice claim, thereby failing to carry out the Legislature's intent. *See Duggins v. People*, 56 V.I. 295, 304 (V.I. 2012) ("[I]t is axiomatic that where we can determine the intent of the Legislature in enacting a statute, we are

---

No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless **filed within two (2) years from the date of the alleged act, omission or neglect** except that for such a claim against a health care provider for malpractice arising from a foreign object being left in a patient's body the time within which the claim must be filed shall be computed from the time the plaintiff discovers the presence of the foreign object or discovers facts which would reasonably lead to the discovery of the presence of the foreign object; Provided, That any malpractice claim brought under this subchapter may be filed within two years of the last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the alleged act, omission or neglect; Provided further, **That a toll of the statute of limitations shall operate for any period during which the health care provider had actual knowledge of any act, omission or neglect or knowledge of facts which would reasonably indicate such act, omission or neglect . . . is the basis for a malpractice claim and failed to disclose such fact to the patient.**

27 V.I.C. § 166d(a) (emphasis added).

required to read the statute to carry out that legislative intent."); *cf. 3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 554 (V.I. 2015) ("Furthermore, because courts of equity developed these remedies in order to provide relief that was unavailable in courts of law, it is axiomatic that equitable relief is only available where there is no adequate remedy at law.") (internal quotation marks and citations omitted).

¶ 30     The Superior Court's failure to address the issue of statutory tolling that Appellant properly raised constitutes an abuse of discretion—one that typically warrants automatic reversal and remand. *See Bryan v. Fawkes*, 61 V.I. 416, 476 (V.I. 2014) ("As this Court has previously emphasized, a court can never exercise its discretion to simply ignore a claim that a party has brought squarely before it."); *see e.g., Faustin v. People*, 2024 VI 23, ¶ 37   ("Such failure to address the issues Faustin raised constituted an abuse of discretion, the nature of which this Court has repeatedly found to merit automatic reversal and remand to the Superior Court."); *Raymond-Benjamin*, 72 V.I. at 826 ("The Superior Court wholly failed to address the issue of statutory tolling that Raymond properly raised, which is an abuse of discretion that typically leads us to automatically reverse the judgment appealed and to remand to the Superior Court."); "[F]ailure [by the Superior Court] to address an argument—even on a question of law to which this Court owes the Superior Court no deference—itself constitutes grounds for reversal." *Raymond-Benjamin,*72 V.I. at 826-27. "Ordinarily, when the Superior Court enters judgment on one basis, but fails to consider alternate arguments that were raised by the parties, this Court will decline to address those alternate issues in the first instance, and instead will direct the Superior Court to do so on remand." *Id.*, at 827.

### b. The Superior Court Erred in Ruling that the Statute of Limitations was not Tolled under the Discovery Rule and the Fraudulent Concealment Doctrine

¶ 31    As noted above, because the statute of limitations is an affirmative defense, the proper inquiry on a Rule 12(b)(6) motion is whether the complaint contains sufficient factual allegations to state a claim upon which relief can be granted. *See Clark v. Fid. & Guar. Ins. Underwriters*, 2025 VI 15, ¶ 16 ("The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, allowing dismissal at an early stage when the pleadings fail to present a viable claim, thereby avoiding unnecessary litigation."). We will, therefore, consider whether the Superior Court's dismissal was proper under Rule 12(b)(6). Our review of a dismissal under Rule 12(b)(6) is de novo. *Martinez*, 51 V.I. at 187 (citing *Ballentine v. United States*, 48 V.I. 1059, 1061 (3d. Cir. 2007)).

¶ 32    In evaluating sufficiency of a pleading under Rule 12(b)(6), the court does not address the merits, and instead, must accept all factual allegations in the complaint as true and view the evidence in the light most favorable to the non-moving party. *Clark*, 2025 VI 15, at ¶ 21; *see Erbey Holding Corp. v. Blackrock Fin. Mgmt., Inc.*, 78 V.I. 206, 354 (V.I. Super. Ct. Dec. 4, 2023) (noting that for a Rule 12(b)(6) motion, "the court does not address the merits. Instead, the court must assume the truth of the allegations in the complaint and ask whether the allegations state a cause of action and give the defendants sufficient notice to be able to defend") (quoting *Oliver v. Terminix Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. April 26, 2020)).

¶ 33    When ruling on a Rule 12(b)(6) motion, the court may consider only matters that are presented in the pleadings. *Clark*, 2025 VI 15, at ¶ 21."If matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," in which case, "[a]ll parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion." V.I. R. CIV. P. 12(d); *Clark*, 2025 VI 15, at ¶ 18 (noting that Rule 12(d) requires that "[a]ll parties must be given a reasonable opportunity to present all the material [to the court] that is pertinent to the motion," so as "to avoid taking a[ny] party by surprise through th[is] conversion.") (citations omitted). "[A] party need not actually attach admissible evidence to present the court with 'matters outside the pleadings,' for unsworn representations of counsel as to factual matters—which are not themselves evidence, *see Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011)—are sufficient to transform a . . . 12(b)(6) motion to a . . . Rule 56 motion pursuant to . . . Rule 12(d)." *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 613 (V.I. 2012) (citing *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) ("Such 'matters outside the pleadings' include ... statements of counsel at oral argument raising new facts not alleged in the pleadings.").

### *The Discovery Rule*

¶ 34    In the June 9, 2023 Order, the Superior Court explained that the discovery rule tolls the statute of limitations when the injury or its cause is not immediately known despite due diligence, emphasizing that the inquiry does not focus on "plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence [was] knowable to the plaintiff." The court then summarized Appellant's tolling argument under the discovery rule, stating that "[Appellant] argues that [Appellant] did not know of the injury until other doctors determined that the strokes were caused by the withdrawal when the blood thinning medication was abruptly discontinued."

¶ 35    The court, however, rather than analyzing the allegations of the complaint to determine whether they satisfied Rule 8(a)'s pleading requirements[18] under the Rule 12(b)(6) standard, instead proceeded to make factual findings as to whether the discovery rule is applicable to toll Appellant's medical malpractice claim—a merits-based inquiry, inapplicable at the Rule 12(b)(6) stage. *See United Corp.*, 64 V.I. at 306 ("Because the application of the discovery rule rests on when a party knew or should have known of its injury, it is typically a question of fact."); *see also, Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 136 (V.I. Super. Ct. Aug. 29, 2017) (noting that "the application of the discovery rule is typically a question of fact because it 'rests on when a party knew or should have known of its injury'") (citations omitted).

¶ 36    In doing so, the court found:

It would seem that if the strokes were the evidence of the injury, that [Palton] would have access to information which would make her aware of the problem at some point in close

---

[18] The Virgin Islands follows a notice-pleading standard. *See* V.I. R. Civ. P. 8(a)(2). "Under Rule 8(a), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Clark*, 2025 VI 15, at ¶ 21 n. 5 (citing *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)).

Appellant is correct in her assertion that, as the plaintiff, she is not required to anticipate in her complaint any affirmative defenses, such as the statute of limitations defense. *See Rennie*, 62 V.I. at 538 n.5 ("[W]e note that numerous courts have held that plaintiffs need not anticipate the statute of limitations or other affirmative defenses when they draft their complaints."); *see also, Pedro v. Ranger Am. of the V.I., Inc.*, 63 V.I. 511, 519-20 (V.I. 2015) ("Rather, the permissible grounds for discharge under the VIWDA are more appropriately considered affirmative defenses that must be raised by a defendant in its answer, as a plaintiff is "not required to anticipate in his complaint any affirmative defenses [the defendant] might raise in its answer.").

However, when a statute of limitations defense is apparent from the face of the complaint and no further development of the record is necessary, dismissal under Rule 12(b)(6) is appropriate because the plaintiff has failed to state a claim upon which relief can be granted—*i.e.*, the claim is time-barred. In such cases, unless the plaintiff pleads facts supporting tolling or otherwise demonstrating that the claim is timely, the complaint may properly be dismissed for failure to state a claim. *Cf. Alexander v. Wilson*, 73 V.I. 528, 536 (V.I. 2020) (noting that the plaintiff was not required to anticipate a potential statute of limitations defense in his complaint, and even if the statute of limitations has expired, the plaintiff could potentially plead sufficient facts to establish an entitlement to tolling of the limitations period).

proximity to December 2, 2016, when [Palton] alleged that the strokes began. [Palton] could make inquiries as to their cause at that time. [Palton] would have [had] access to facts which would [have] enable[d] a reasonable person to discovery any injuries that may have occurred at that time."

(J.A. 018-19).

¶ 37    These factual determinations conflict with the complaint's allegations, which explicitly alleged, *inter alia*, that "[i]t is now know[n] and recently discovered that on December 2, 2016, at 01:00, [Mrs. Palton] began having a series of strokes that caused her to have problems enunciating her words and moving her right side," and that VIGHHFC "concealed the cause of [Mrs. Palton's] condition and falsely claimed she had fallen, which caused her condition." The complaint did not allege that Appellant had received Mrs. Palton's medical records indicating strokes as the cause of her injuries. Taken as true—and with all reasonable inferences drawn in Appellant's favor—these allegations demonstrate that Appellant neither knew nor had access to, nor through reasonable diligence could have discovered, facts that would have revealed that strokes caused Mrs. Palton's injuries during her hospital stay from November 29 through December 5, 2016.

¶ 38    Nevertheless, relying on its own factual findings rather than the complaint's well-pleaded allegations, the court concluded that Appellant failed to exercise reasonable diligence and therefore "there [was] no basis for application of the discovery rule of tolling the limitations period." This was improper under a Rule 12(b)(6) analysis. *See Pollara v. Chateau St. Croix, LLC*, 58 V.I. 455, 472 (V.I. 2013) (holding that the trial court erred by evaluating the merits of the claim, rather than limiting its analysis to the sufficiency of the complaint under Rule 12(b)(6)).

¶ 39    The court's reasoning appears to have been based not on the complaint's allegations, but on representations by VIGHHFC's counsel at the May 1, 2023 hearing—that the word "stroke" was repeatedly mentioned in Mrs. Palton's medical records and that Appellant should have known this in 2016 because "they probably had to get the medical records to go to the next entity." By

*Palton v. VIGHHFC*     2026 VI 4
S. Ct. Civ. No. 2023-0029
Opinion of the Court
Page 23 of 26

considering matters outside the pleadings, the court effectively converted VIGHHFC's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. *See* V.I. R. CIV. P. 12(d); *see also, Island Tile*, 57 V.I. at 613.

¶ 40 "A motion for summary judgment is a request for the court to decide a case or issue without trial on the grounds that there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Clark*, 2025 VI 15, at ¶ 23 (citing V.I. R. CIV. P. 56(a)). Because the record contains no indication that the parties were given "a reasonable opportunity to present all the material that is pertinent to the motion," V.I. R. CIV. P. 12(d), the court failed to properly convert the motion and thereby deprived Appellant of the procedural protections inherent in the summary judgment process. *See United Corp.*, 55 V.I. at 711 (upholding the parties' right to be heard before the court issues a *sua sponte* summary judgment ruling); *Clark*, 2025 VI 15, at ¶ 24 n. 6 ("Rule 12(d) explicitly provides that if matters outside the pleadings are not excluded, the motion 'must be treated as one for summary judgment under Rule 56,' and all parties must be given a reasonable opportunity to present material relevant to that motion.").

¶ 41 Accordingly, the Superior Court erred in ruling that the statute of limitations was not tolled under the discovery rule and committed reversible error by considering matters outside the pleadings on a Rule 12(b)(6) motion without providing Appellant with notice or an opportunity to respond as required by Rule 12(d). *See Clark*, 2025 VI 15, at ¶ 24 (noting that the Superior Court, in ruling on a Rule 12(b)(6) motion, "clearly relied on matters outside the pleadings and thereby committed reversible error by failing to notify the parties or afford [opposing parties] an opportunity to submit countervailing evidence and arguments as required by the express requirements of Rule 12(d)").

### *The Fraudulent Concealment Doctrine*[19]

¶ 42     In the June 9, 2023 Order, the Superior Court began its discussion of Appellant's

fraudulent concealment argument by incorrectly citing the VIMMA's statutory tolling provision

under section 166d(a).[20] The court, again, instead of examining the sufficiency of the complaint

under Rule 12(b)(6), engaged in a merits-based inquiry, making factual determinations as to

whether the fraudulent concealment doctrine is applicable here to toll Appellant's medical

malpractice claim. *See Gerald*, 68 V.I. at 136 (noting that an application of the fraudulent

concealment tolling doctrine is…a factual inquiry that usually must be resolved by the trier

of fact at trial").

In doing so, the court found:

> [Appellant] contends that [VIGHHFC] concealed their negligent conduct by informing
> [her] that the patient's stroke was due to a fall. This contradicts the conclusion that
> [VIGHHFC] was concealing its conduct or other information which would prevent
> [Appellant] from making diligent inquiries. The allegations do not indicate that
> [VIGHHFC] affirmatively concealed any acts which led to [Mrs. Palton's] injury or
> undertook any action which would [have] prevent[ed] [Appellant] from discovering the
> injuries.

(J.A. 018-19).

---

[19] As noted above, Appellant appeared to conflate the statutory tolling provision under section 166d(a) with the fraudulent concealment doctrine by framing her argument on appeal as a challenge to the Superior Court's statutory tolling ruling. Nevertheless, because she also addressed VIGHHFC's concealment and the court's ruling regarding it, we will treat the fraudulent concealment issue as raised on appeal and consider whether the Superior Court erred in ruling that the statute of limitations was not tolled under the fraudulent concealment doctrine. *Cf. Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1 (V.I. 2019) (noting that the substance of a motion and not its caption controls); *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) ("[T]he substance of a motion, and not its caption, shall determine under which rule the motion is construed.").

[20] *See supra*, note 16.

¶ 43    These factual determinations conflict with the complaint's allegations, which explicitly alleged that Mrs. Palton, "who has dementia, …did not give knowing consent to the discontinuance of Warfarin, coumadin and Heparin," that "in order to perform the endoscopy and other procedures [Mrs. Palton] would have to be suddenly taken off Warfarin," that "[o]ne of the side effects of sudden discontinuance of Warfarin is strokes that damage the brain," and that VIGHHFC "concealed the cause of [Mrs. Palton's] condition and falsely claimed she had fallen, which caused her condition" and "when there became a suspicion in June 2018 that [VIGHHFC] was concealing its malpractice, falsely claimed that knowing consent had been given to take [Mrs. Palton] off medications." Taken as true—and with all reasonable inferences drawn in Appellant's favor— these allegations demonstrate fraudulent concealment by VIGHHFC, as they show that VIGHHFC knew the cause of Mrs. Palton's condition was not a fall yet concealed that fact from Appellant, and knew it lacked Mrs. Palton's consent yet misrepresented otherwise.

¶ 44    Similarly, in addressing the issue of fraudulent concealment, the court again relied on its own factual findings rather than the complaint's well-pleaded allegations, concluding that there was no fraudulent concealment by VIGHHFC and thus "the tolling rules related to fraudulent concealment do not apply." This too was improper under a Rule 12(b)(6) analysis. See *Pollara*, 58 V.I. at 472.

¶ 45    As with its discovery rule determination, the court's conclusion appears to have been based not on the complaint's allegations, but on VIGHHFC's counsel's representations at the May 1, 2023, hearing—that Appellant "probably had to get the medical records to go to the next entity," that Mrs. Palton's medical records repeatedly referenced the word "stroke," that the medical records "explained every time, they were updated, it was discussed with them, the plan of care was discussed, everything was discussed with them," that "[i]t's in the medical record that they're

*Palton v. VIGHHFC*                2026 VI 4
S. Ct. Civ. No. 2023-0029
Opinion of the Court
Page 26 of 26

relying on" to bring their suit. By relying on those representations by VIGHHFC's counsel, the Superior Court again looked beyond the pleadings, effectively converting the motion to one for summary judgment without providing Appellant notice or an opportunity to respond. *See* V.I. R. CIV. P. 12(d); *see also, Island Tile*, 57 V.I. at 613. For the reasons discussed above, this constituted reversible error.

¶ 46    Accordingly, the Superior Court erred in ruling that the statute of limitations was not tolled under the fraudulent concealment doctrine and committed reversible error by considering matters outside the pleadings on a Rule 12(b)(6) motion without providing the notice or opportunity to respond required by Rule 12(d). *See Clark*, 2025 VI 15, at ¶ 24.

### III. CONCLUSION

¶ 47    For the foregoing reasons, we reverse the Superior Court's June 9, 2023 Order dismissing the action for lack of subject matter jurisdiction and its ruling that the VIMMA's two-year statute of limitations was not tolled. We remand this matter for further proceedings to allow the parties a reasonable opportunity to present all pertinent materials as required under Rule 12(d) and for the Superior Court to first address the VIMMA's statutory tolling provision under section 166d(a), and, if necessary, the discovery rule and the fraudulent concealment doctrine.

Dated this 23rd day of March, 2026.

BY THE COURT:

**HAROLD W.L. WILLOCKS**
**Associate Justice**

ATTEST:
**DALILA E. PATTON, ESQ.**
**Clerk of the Court**
**By:** _____
    **Deputy Clerk II**
**Dated:** 3-23-26